UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| In re:<br><br>JACQUELINE M. ANTONIE,<br><br>Debtor. | Appellate Case No. 1:10-cv-00372-BLW<br><br>Bankruptcy Case No. 09-01569-JDP<br><br>**MEMORANDUM DECISION AND ORDER** |
|---|---|

## INTRODUCTION

Before the Court is Appellant Jacqueline M. Antonie's appeal of the Bankruptcy Court's order upholding an objection to a claim exemption on a manufactured home. The appeal is fully briefed and at issue. Pursuant to Bankruptcy Rule 8012(3), the Court finds that oral argument is not necessary. After reviewing the briefing and the record in the Bankruptcy Court, the Court finds that the Bankruptcy Court's decision denying Antonie's attempt to exempt the mobile home under 11 U.S.C. § 522(b)(3)(B) should be affirmed. This decision is explained below.

## BACKGROUND

Antonie filed a Chapter 7 Bankruptcy pro se on June 2, 2009. Jeremy Gugino was appointed to act as the interim trustee in the case. At the time Antonie filed bankruptcy, she and her 86-year old mother, Frances W. Bruckner, jointly owned a house and a

mobile home. Antonie resided in the house located in Boise, and her mother resided in the mobile home located in Garden City. For estate planning purposes and upon the advice of an attorney, Ms. Bruckner allowed the title to the mobile home to be in her and her daughter's names as joint tenants.

In her bankruptcy schedules, Antonie listed her joint interest in the house on Schedule A, and listed a partial interest in the mobile home on Schedule B. Antonie claimed that her interests in the house and the mobile home were both exempt on Schedule C. Antonie asserted her homestead exemption on the house listed in Schedule A, and she claimed the mobile home was exempt pursuant to § 522(b)(3)(B).[1]

Trustee objected to Antonie's claim of exemption on the mobile home, arguing that because Idaho had "opted out" of the federal bankruptcy exemption scheme, Antonie was improperly attempting to invoke a federal exemption, and her exemption claim should be disallowed. In his objection, Trustee included a notice, pursuant to Local Bankruptcy Rule 2002.2(d), that if no response to the objection was filed within 30 days, the Court could assume that there was no opposition to the relief requested, and it could grant such relief without further notice or hearing. Debtor did not respond to the objection, and at Trustee's request, an order disallowing the exemption claimed under § 522(b)(3)(B) was entered on October 7, 2009.

The Trustee also filed an Adversary Complaint against Ms. Bruckner. *Adversary*

---

[1] Antonie amended her schedules several times, changing the basis for seeking the exemption on the mobile home and the amount of the exemption. Consequently, the Trustee amended his objection to the exemption several times as well. None of these amendments bear on the issue before this Court.

**MEMORANDUM DECISION AND ORDER - 2**

*Compl., Case No. 09-60604-JDP*, Dkt. 3-2. Trustee claimed he was entitled to take and sell Ms. Bruckner's home. *Id.* Ms. Bruckner filed a Chapter 7 Bankruptcy case of her own on January 6, 2010, Bankruptcy Case No. 10-00022-JDP. On January 8, 2010, trustee amended his Adversary Proceeding Complaint to withdraw Ms. Bruckner as the defendant and name the "Bankruptcy Estate of Frances W. Bruckner, 10-00022-JDP, Richard E. Crawforth, trustee" as the defendant. *Am. Adversary Compl.*, Dkt. 3-4.

Trustee obtained a Default Judgment in his adversary action against the Bankruptcy Estate of Frances W. Bruckner on February 22, 2010 because the trustee, Richard E. Crawforth, did not respond to the Amended Summons and Amended Complaint. *Default Judgment*, Dkt. 3-5. The Bankruptcy Estate of Frances W. Bruckner, 10-00022-JDP was closed on July 2, 2010. *Order Approving Trustee's Report of No Distribution and Closing Estate*, Dkt. 3-6.

On January 6, 2010 – the same day Ms. Bruckner filed for bankruptcy – Antonie retained counsel, and amended her schedules. Antonie changed the value of her interest in the mobile home and the value of the exemption, but did not change the basis for seeking the exemption, i.e., § 522(b)(3)(B). Trustee again objected to the amended claim of exemption, citing the same reasons as before but adding that Antonie was precluded from amending the claim of exemption because the Bankruptcy Court had sustained his earlier objection.

The Bankruptcy Court upheld the Trustee's objection. It found that: (1) neither issue preclusion nor claim preclusion barred the Court from addressing the exemption

issue; (2) although Idaho has "opted out" of the federal bankruptcy exemptions, the exemptions under 11 U.S.C. § 522(b)(3)(B) remained available to Idaho debtors ; and (3) Antonie's joint interest in the mobile home was not "exempt from process" under Idaho law. *See In re Antonie*, 432 B.R. 843 (Bankr.D.Idaho 2010).

Antonie appeals the Bankruptcy Court's decision. Antonie does not challenge the Bankruptcy Court's first two conclusions, since they were resolved in her favor. Nor were those conclusions challenged in a cross appeal. Therefore, the only issue on appeal is whether the mobile home would be"exempt from process" under Idaho law. The Trustee did not file a response.

## STANDARD OF REVIEW

The standard of review of a Bankruptcy Court's ruling on a claimed exemption is the same whether the reviewing court is the district court or the court of appeals. *See In re Dak Industries*, 66 F.3d 1091, 1094 (9th Cir. 1995). The district court applies a "clearly erroneous standard to the bankruptcy court's findings of fact and review its conclusions of law *de novo.*" *See Preblich v. Battley*, 181 F.3d 1048 (9th Cir. 1999). There are no contested issues of fact; thus, this Court reviews the Bankruptcy Court's decision *de novo.*

## ANALYSIS

Upon the commencement of a bankruptcy case, all property in which a debtor has a legal or an equitable interest becomes property of the bankruptcy estate. 11 U.S.C. § 541(a). However, a debtor may exempt certain types of property from administration by

the trustee in that case. *In re Almgren*, 384 B.R. 12, 15 (Bankr. D. Idaho 2008). Specifically, a debtor may exempt property listed in either paragraph (2) or (3) of § 522(b). 11 U.S.C. § 522(b)(1).

Section 522(b)(2) sets forth in subsection (d) the various categories of exempt property. Idaho, however, has opted out of the federal bankruptcy exemption scheme provided in 11 U.S.C. § 522(d), and its law specifically precludes a debtor's use of the specific federal bankruptcy exemptions found in § 522(d). *In re Almgren,* 384 B.R. at 15. However, as the Bankruptcy Court found here, Idaho residents may still claim those exemptions listed under § 522(b)(3). *In re Antonie*, 432 B.R. 843, 850 (Bankr.D.Idaho 2010). The slate of exemptions under § 522(b)(3) include:

> (A) subject to subsections (o) and (p), any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable on the date of the filing of the petition . . .;
>
> (B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law; and
>
> (C) retirement funds to the extent that those funds are in a fund or account that is exempt from taxation under [specific sections of the Internal Revenue Code.]

11 U.S.C. § 522(b)(3).

In this case, Antonie attempts to claim an exemption in her joint interest in the mobile home under § 522(b)(3)(B). As the Bankruptcy Court recognized, the applicability of § 522(b)(3)(B) depends upon the treatment of joint tenancy interests

under Idaho law. *In re Antonie*, 432 B.R. at 850 (quoting Collier on Bankruptcy, ¶ 522.10[3], at 522-85 (16th ed. 2009)). Citing *Baggett v. Pace*, 10 P.2d 301 (1932), the Bankruptcy Court concluded that Idaho law would permit Antonie's creditors to reach her interest in the mobile home. *Id.* In *Baggett*, the Idaho Supreme Court held that a landowner's cropper agreement with his son-in-law created a joint tenancy in the crops produced, and therefore the son-in-law's creditors could reach his interest in the crops. *Id*. at 302.

Antonie maintains that her case is different from *Baggett* because *Baggett* involved crops, which are fungible, and this case involves a mobile home, where her mother, Ms. Bruckner, resides. Unlike crops, Idaho's homestead statutes exempt mobile homes from attachment under certain circumstances. And in this case, according to Antonie, Ms. Bruckner's homestead exemption shields *Antonie's* interest in the mobile home because a fictional creditor could not levy or force a sale of the mobile home without violating Ms. Bruckner's homestead exemption. Thus, Antonie argues, the mobile home is "exempt from process" under Idaho law.

Idaho's homestead exemption is found in Idaho Code § 55-1001, et seq. These statutory sections exempt a homestead "from attachment and from execution or forced sale for debts of the owner up [to $100,000]." *See* I.C. §§ 55-1008(1) & 55-1103. Idaho Code § 55-1001(2) defines homestead as:

> ... the dwelling house or the mobile home in which the owner resides or intends to reside, with appurtenant buildings, and the land on which the same are situated and by which the same are surrounded, or improved; or

unimproved land owned with the intention of placing a house or mobile home thereon and residing thereon.... Property included in the homestead must be actually intended or used as a principal home for the owner.

Based on a review of the statutory language, the Court is not persuaded that Antonie may use *her mother's* homestead exemption to protect *her own* interest in the mobile home. "The basic, definitive statute, Idaho Code § 55-1001, *supra*, contemplates only one dwelling, subject to only one homestead claim of exemption, and the land on which it is situated." *In re Tiffany,* 106 B.R. 213, 214 (Bankr. D. Idaho 1989). Idaho's homestead statutes refer to the homestead by use of a singular, not a plural, noun. I.C. § 55-1001(2). Antonie already claimed a homestead exemption in the home where she resides – she cannot now claim a second homestead exemption in any other property. It follows that Antonie may not circumvent this prohibition against claiming multiple homestead exemptions by claiming her mother's homestead exemption as her own. *C.f. In re Rowe,* 236 B.R. 11, 14 (9th Cir.BAP 1999) (applying Nevada law) (holding that a married couple, living apart, could not each claim a homestead exemption in their separate residences even though the two exemptions did not exceed the statute limit).

The Court therefore concludes that Antonie cannot use her mother's homestead exemption to shield her interest in the mobile home. This may seem a harsh result, but Ms. Bruckner titled the home and the mobile home in both her name and her daughter's name to avoid probate. Now her daughter filed bankruptcy. While Ms. Bruckner may regret holding her home as a joint tenant with her daughter, she must still bear the consequences of her decision.

For these reasons, the Court will affirm the decision of the Bankruptcy Court. The Court will prepare a separate Judgment setting forth this ruling.

DATED: **March 31, 2011**



Honorable B. Lynn Winmill
Chief U. S. District Judge